NO. 07-02-0267-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 25, 2002

______________________________

JOSE DEMETRO ARAUSA JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF HALE COUNTY;

NO. A14185-0109; HONORABLE JACK R. MILLER, JUDGE

_______________________________

Before REAVIS and JOHNSON, JJ., and BOYD, SJ.
(footnote: 1)
ON ABATEMENT AND REMAND

A pro se notice of appeal was timely given in the above case, and the clerk’s and reporter’s records have been timely received by us.  However, appellant’s brief, which was due to be filed no later than September 19, 2002, has not been filed, nor have we received any motion seeking an extension of time within which to file the brief.  On November 6, 2002, we notified appellant that neither a brief or a motion seeking an extension of time had been filed, and if a satisfactory response was not received within ten days of the notice, the appeal would be abated pursuant to Texas Rule of Appellate Procedure 38.8.

The notice of appeal indicates appellant’s intent to appeal his conviction.  This state of the record requires us to remand the case to the 64
th
 District Court of Hale County to conduct a hearing as mandated by Texas Rule of Appellate Procedure 38.8.  Upon remand, the judge of the trial court shall immediately cause proper notice to be given and conduct a hearing to determine:

1.  If appellant is indigent and if the appointment of an attorney is necessary.

2. If it be determined that an attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

3.  If appellant is not indigent, whether he has failed to make the necessary arrangements for prosecuting his appeal, and if he has not done so, what orders are necessary to ensure those arrangements are made.

4.  If any other orders are necessary to ensure the diligent and proper pursuit of appellant’s appeal.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk’s record.  In addition, the trial court shall cause a transcription of the hearing to be prepared and included in a reporter’s record.  Those supplemental records should be submitted to this court no later than December 23, 2002.

It is so ordered.

Per Curiam

Do not publish.

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).